**UNITED STATES of America,
Plaintiff,**

v.

**BRANCH 60 NATIONAL ASSOCIATION
OF LETTER CARRIERS, AFL–CIO,
STAMFORD, CONN., et al., Defendants.**

**Civ. No. B–36.**

United States District Court,
D. Connecticut.

March 25, 1970.

Temporary Restraining Order and Notice
of Hearing on Motion for Preliminary
Injunction March 20, 1970.

Stewart H. Jones, U. S. Atty., and
Richard L. Winter, Asst. U. S. Atty., New Haven, Conn., and John F. Farrell,
Jr., Atty., U. S. P. O. Dept., Boston,
Mass., for United States.

John V. Cassidento, New Haven, Conn.,
Peter J. Somma, Jr., and E. Arthur Morin, Jr., Stamford, Conn., for defendants.

TIMBERS, Chief Judge.

The Court today issued a preliminary injunction enjoining defendants from striking against the United States Post Office Department or interfering with the orderly operations of the Postal Service.

Pursuant to Rule 52(a), Fed.R.Civ.P., the Court makes the following findings of fact and conclusions of law which, together with the following statement of prior proceedings herein, constitute the grounds for the Court's action in issuing the preliminary injunction.

## PRIOR PROCEEDINGS

On March 20, 1970, at approximately 12:01 A.M., defendant unions, their officers and members, struck against the United States Post Office Department and withheld their services from the Postal Service. By 10 A.M. on March 20, the strike was almost 100% effective in stopping the delivery and processing of mail within a major portion of the District of Connecticut.

Before the end of the day on March 20, the United States as plaintiff commenced the instant action by filing a verified complaint seeking injunctive relief. Simultaneously with the filing of the complaint, plaintiff filed also an application for a temporary restraining order and a motion for a preliminary injunction.

At 5:45 P.M. on March 20, upon a finding that notice to defendants would be impracticable, the Court issued a temporary restraining order, to expire within 10 days, enjoining continuation of the strike and continued interference with the orderly operations of the Postal Service.

Simultaneously with the issuance of the temporary restraining order, the

Court on March 20 ordered that a hearing be held on March 24 on plaintiff's motion for a preliminary injunction.

Personal service was made upon each of the defendants of the summons and complaint, the temporary restraining order and a notice of hearing on plaintiff's motion for a preliminary injunction.

On March 24 a hearing was held on plaintiff's motion for a preliminary injunction. Each of the named defendants was represented by counsel. All parties were afforded a full opportunity to be heard and to present evidence. No objection was interposed by defendants to the entry of a preliminary injunction and no evidence was offered in opposition thereto. The Court fully heard counsel for all parties upon the form of preliminary injunction to be entered; and granted to counsel for all parties an opportunity to submit proposed forms of preliminary injunction to be entered, together with citation of authorities in support of their respective positions, provided the same were submitted not later than 12 noon on March 25.

Having received written submissions by counsel for both sides, the Court issued a preliminary injunction at 1:15 P.M. on March 25.

## FINDINGS OF FACT

(1) Plaintiff is the United States of America, acting herein through the United States Attorney for this District and counsel for the United States Post Office Department.

(2) Defendants are 16 local unions (designated as "branches") of the National Association of Letter Carriers, AFL–CIO, representing a substantial number of the postal carrier employees of the United States Post Office Department in the District of Connecticut. Also named as defendants are the 16 presidents of the local unions or branches.

(3) At the hearing on March 24, upon motion of plaintiff and without objection, two additional defendants were added, namely, Local 147, United Federation of Postal Clerks, AFL–CIO, Hartford, Connecticut, and its president, John J. Hannon. These two defendants were not on strike at the time of the issuance of the temporary restraining order on March 20, but subsequently had gone on strike. Mr. Hannon, who personally was present in the courtroom on March 24, accepted service of process on behalf of himself and his local union.

(4) Uncontroverted evidence at the hearing on March 24, in the form of an affidavit by Ephraim Martin, Regional Director, Boston Region, United States Post Office Department, sworn to March 20, 1970, established that the cessation of the flow of mail within this District included the following specific items:

(a) Pension, annuity, welfare, insurance and other payments to individuals, many of whom are dependent upon prompt receipt of such income to maintain their sustenance, shelter, medicines and other essentials;

(b) Orders, payments, bills of lading and other commercial documents essential to the continued flow of commerce between the several states and between the United States and other nations;

(c) Questionnaires imminently to be distributed by and returned to the United States Government in its scheduled decennial census—a vital function of the Government that is mandated by the constitution and is now dependent upon the use of the mails;

(d) Federal and State income tax returns and refunds;

(e) Correspondence between the United States and its citizens with military units and personnel stationed abroad;

(f) Medical supplies needed to meet emergency demands;

(g) Personal correspondence among individuals containing information essential to the day-to-day function-

ing of persons in all walks of life; and

(h) Communications between Federal, State and local Governmental agencies essential to the proper performance of the public services provided by the Government.

(5) There was further uncontraverted evidence at the hearing on March 24 that, as a result of the cessation of the flow of mail within this District, unless the strike is terminated immediately, mail will accumulate and will reach levels which will make it impossible for the Post Office Department, with its resources severely impaired by the strike, to protect and preserve the mail being deposited at receiving points throughout this District, as well as elsewhere in the Nation, with the resultant risk that large quantities of mail may permanently be lost.

## CONCLUSIONS OF LAW

(1) The Court has jurisdiction over the subject matter and the parties, pursuant to 28 U.S.C. §§ 1339 and 1345 (1964).

(2) Defendants are engaged in an unlawful strike against the Government of the United States. See 5 U.S.C. § 7311(3) and (4) (Supp. IV, 1965–68); 18 U.S.C. § 1918 (Supp. IV, 1965–68).

(3) The said strike, if permitted to continue, will cause immediate and irreparable injury to the United States of America and its citizens, for which there is no adequate remedy at law.

(4) Plaintiff is entitled to the issuance of a preliminary injunction.

(5) The Court reserves jurisdiction for all purposes in this action, including the entry of any and all further orders and judgments which may be authorized by law and which may be necessary and appropriate in the public interest.

## PRELIMINARY INJUNCTION

This cause having come on for hearing on March 24, 1970 at Bridgeport on plaintiff's motion for a preliminary injunction against each of the defendants herein named, and upon plaintiff's verified complaint, together with the affidavit of Ephraim Martin, sworn to March 20, 1970; and

A hearing having been held, of which personal notice was given to each of the named defendants; and

Each of the named defendants having appeared at said hearing by counsel; and

Counsel for defendants having interposed no objection to the entry of a preliminary injunction and having offered no evidence in opposition thereto; and

The Court having fully heard counsel for all parties upon the form of preliminary injunction to be entered; and

The Court having found, upon the entire record, that it has jurisdiction over the subject matter and the parties; that defendants are engaged in an unlawful strike against the Government of the United States; and that such strike, if permitted to continue, will cause immediate and irreparable injury to the United States of America and its citizens, for which there is no adequate remedy at law; it is therefore

ORDERED, ADJUDGED AND DECREED as follows:

(1) That defendants, and each of them, and their officers, agents, servants and employees, and all postal employees, whether or not affiliated with defendant unions, in active concert or participation with them, or any of them, are hereby enjoined:

(a) From in any manner continuing, encouraging, ordering, aiding, picketing, engaging in or taking any part in a strike against the United States Post Office Department;

(b) From in any manner interfering with or affecting the orderly continuance of the operations of the Postal Service;

(c) From taking any action which would interfere with this Court's jurisdiction in the premises, provided, however, that nothing in this

paragraph shall be construed to require an individual employee to render labor or service without his consent or to make the voluntary quitting of his labor or service by an individual employee on his own initiative and not in concert with defendants herein an illegal act.

(2) That defendant unions and their appropriate officers, agents, servants and employees are hereby ordered:

(a) To instruct immediately all union members to resume their normal employment in the United States Post Office Department;

(b) To use their best efforts to see that such instructions are carried out.

(3) That this Preliminary Injunction shall be effective immediately upon its issuance and shall remain in full force and effect until further order of this Court.

### TEMPORARY RESTRAINING ORDER AND NOTICE OF HEARING ON MOTION FOR PRELIMINARY INJUNCTION

This matter came on to be heard on the 20th day of March 1970 upon the complaint of the United States of America and the affidavit attached thereto, and upon plaintiff's application for a temporary restraining order against defendants and the certificate of Richard L. Winter, Assistant United States Attorney, in support; and it appearing to the Court that defendants are engaged in an unlawful strike against the United States Government, that such strike, if permitted to continue, would irreparably injure the United States of America and its citizens, and that there is no adequate remedy at law; and it appearing further that reasonable efforts to give notice to an attorney for defendants have been made, that there is no such attorney or attorneys presently engaged for this purpose, and that further efforts to give notice to the individuals would be practically impossible; and it appearing further that no bond or other security is required; now therefore it is

ORDERED:

1. That defendants, and each of them, and their officers, agents, servants and employees, and all postal employees, whether or not affiliated with defendant unions, in active concert or participation with them, or any of them, are restrained:

(A) From in any manner continuing, encouraging, ordering, aiding, picketing, engaging or taking any part in a strike against the United States Post Office Department;

(B) From in any manner interfering with or affecting the orderly continuance of the operations of the Postal Service;

(C) From taking any action which would interfere with this Court's jurisdiction in the premises, provided, however, that nothing in this paragraph shall be construed to require an individual employee to render labor or service without his consent or to make the voluntary quitting of his labor or service by an individual employee on his own initiative and not in concert with defendants herein an illegal act.

2. That defendant unions and their appropriate officers, agents, servants and employees are ordered:

(A) To instruct immediately all of their members to resume their normal employment in the Postal Department of the United States;

(B) To use their best efforts to see that such instructions are carried out.

3. That this Order shall expire within ten days, unless for good cause shown it is extended for a like period, or unless defendants consent to an extension for a longer period.

4. That said Order shall be effective immediately upon signing.

5. That a hearing on Plaintiff's Motion for a Preliminary Injunction shall be set for March 24, 1970, at 2:00 P.M., at the Courthouse of the United States District Court at Bridgeport, Connecticut; and notice of the said hearing and

the time and place thereof shall be given to defendants by serving upon each of them a copy of said notice, a copy of the verified complaint and a copy of this order not later than March 21, 1970.